18-1299-pr
Nationstar Mortgage, LLC v. Hunte

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand nineteen.

PRESENT: GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
BRIAN M. COGAN,*
*District Judge.*

-----------------------------------------------------------------

NATIONSTAR MORTGAGE, LLC,

*Plaintiff-Appellee*,

v.                                                          No. 18-1299-pr

ESTHER HUNTE,

---

* Judge Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

*Defendant-Appellant*.

------------------------------------------------------------------

FOR APPELLANT:                    Stephen J. Vargas, Gross
                                  Polowy, LLC, Westbury, NY.


FOR APPELLEE:                     Esther Hunte, *pro se*,
                                  Newburgh, NY.


Appeal from a judgment of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is VACATED, and the case is REMANDED for further proceedings.

Nationstar Mortgage, LLC sued Appellant Esther Hunte, proceeding pro se, seeking foreclosure on a mortgage. Nationstar moved for summary judgment, arguing that it established a prima facie case for mortgage foreclosure by submitting copies of the original promissory note, mortgage, notice of default, and a supporting affidavit as evidence of Hunte's failure to make mortgage payments since March 2016. In response, Hunte filed a "Notice of Motion" requesting that the District Court (Karas, J.) dismiss the complaint for lack of standing, deny Nationstar's motion, award her "clear title for violation of rights,"

2

and sanction Nationstar. The District Court granted Nationstar's motion for summary judgment, and Hunte moved for "[r]enewal and [r]eargument," to dismiss the complaint for lack of subject matter jurisdiction, and to "dismiss" Nationstar's summary judgment motion. The District Court denied Hunte's motion, and Hunte appealed. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to vacate and remand.

We have recognized that "it is not obvious to a layman that when his opponent files a motion for summary judgment supported by affidavits he must file his own affidavits contradicting his opponent's if he wants to preserve factual issues for trial." Vital v. Interfaith Med. Ctr., 168 F.3d 615, 620 (2d Cir. 1999) (quotation marks omitted). For that reason, failure "to apprise pro se litigants of the consequences of failing to respond to a motion for summary judgment is ordinarily grounds for reversal." Id. (quotation marks omitted); see Jova v. Smith, 582 F.3d 410, 414 (2d Cir. 2009) (failure to give notice "will usually constitute grounds for vacatur"). Such a failure does not require dismissal if, considering the "nature of the papers submitted by the litigant and the assertions

3

made therein as well as the litigant's participation in proceedings before the District Court," the record "makes clear that the litigant understood the nature and consequences of summary judgment." Vital, 168 F.3d at 621.

Here, neither the District Court nor Nationstar provided Hunte with notice of the nature and consequences of summary judgment. Hunte submitted a three-page declaration in response to Nationstar's motion for summary judgment. Her declaration advanced numerous arguments but no evidence in support of those arguments, instead repeatedly referring to allegations in her answer. Further, Hunte's brief on appeal states that her "answer and cross-motion to dismiss averred sufficient facts to contradict the Appellee's Rule 56.1 statement," Hunte Br. 5, suggesting that she believes that allegations and argument constitute evidence. Finally, in its order granting summary judgment, the District Court noted that Hunte did not file a response to Nationstar's Rule 56.1 statement, that she did not offer "an affidavit or other evidence to refute" that Nationstar had established a prima facie case, and that she did not provide a copy of the December 2016 loan modification application to demonstrate that there was a binding agreement to modify or to support her

affirmative defense that Nationstar acted deceptively. App'x 250, 255, 257–58.

In sum, the record does not "make[] clear" that Hunte understood the nature or consequences of a summary judgment motion. See McPherson v. Coombe, 174 F.3d 276, 281 (2d Cir. 1999) ("Mere awareness of [Rule 56] does not insure that a pro se litigant underst[ands] the nature of the summary judgment process."); Vital, 168 F.3d at 621 (fact that pro se litigant files "some response" not dispositive).

Based on this record, we apply the "usual[]" rule that lack of notice to a pro se litigant of the nature and consequences of a summary judgment motion results in vacatur. Jova, 582 F.3d at 414; see McPherson, 174 F.3d at 280–82; Vital, 168 F.3d at 620–21. Nationstar may again seek summary judgment upon remand, and we take no position regarding the merits of this case. For the foregoing reasons, the District Court's March 6, 2018 judgment is VACATED and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5